```
                                                              CLERK'S OFFICE U.S. DIST. COURT
                                                                    AT ROANOKE, VA
                                                                         FILED

                                                                    NOV 21 2014
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

| | | |
|---|---|---|
| **REGINALD KEITH BALL,** | ) | CASE NO. 7:14CV00347 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **LT. COCHRANE, ET AL.,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Reginald Keith Ball, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials used excessive force against him by placing and retaining him in five-point restraints for 24 hours on April 15-16, 2014. Defendants have filed a motion for summary judgment under 42 U.S.C. § 1997e(a), based on evidence that Ball did not properly exhaust administrative remedies. In opposition to this motion, Ball has submitted his declaration under penalty of perjury, offering evidence that prison officials' actions interfered with his abilities to properly complete the grievance procedures. After review of the record, the court concludes that defendants' motion must be denied.

The Prison Litigation Reform Act ("PLRA") provides, among other things, that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. 42 U.S.C. § 1997e(a). It is well established that the PLRA exhaustion requirement in § 1997e(a) is mandatory and "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). Furthermore, § 1997e(a) "applies to all inmate suits about prison life." Porter, 534 U.S. at 532. Exhaustion in this context parallels exhaustion in the administrative law arena, which "means using all steps that the agency holds out, and doing so properly (so that the agency

addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006). An "untimely or otherwise procedurally defective administrative grievance" does not comply with § 1997e(a). Id. at 83-84.

While nonexhaustion under the PLRA is an affirmative defense, Jones, 549 U.S. at 212, a prisoner may survive summary judgment on this ground by demonstrating that the grievance system was not "available" to him—by stating "facts showing that he was prevented, through no fault of his own, from availing himself of that procedure." Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir. 2011) (unpublished) (citing Moore v. Bennett, 517 F.3d 717, 725 (4th Cir. 2008)); Makdessi v. Clarke, No. 7:11cv262, 2012 WL 293155, at *2 (W.D. Va. Jan. 31, 2012) (noting court's obligation "to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials" and authorizing summary judgment for nonexhaustion only if defendants "show that the evidence is so one-sided that no reasonable factfinder could find that [the prisoner] was prevented from exhausting his administrative remedies") (citations omitted)).

An inmate in the Virginia Department of Corrections ("VDOC") meets the § 1997e(a) requirement by pursuing his claim through each level of the VDOC's regular grievance procedure, including available appeals. First, the inmate must attempt to resolve his complaint informally with staff, typically by filing an informal complaint form, which prison staff must address within fifteen days from receipt. Then, the inmate initiates a regular grievance by submitting the grievance form and attached informal complaint within thirty days of the event at issue. If the responding official determines the grievance to be "unfounded" at Level I, for full exhaustion—the inmate must appeal that holding to Level II, the regional administrator, and in some cases, to Level III. A regular grievance rejected at intake (as untimely filed or for other reasons) is promptly returned to the inmate, and he may appeal that intake decision.

Taking the evidence in the light most favorable to Ball, a reasonable factfinder could find that he was prevented from properly exhausting his administrative remedies through no fault of his own. Ball claims that defendants held him illegally in five-point restraints on April 15-16, 2014, while he was an inmate at Wallens Ridge State Prison. Once officials released Ball from the restraints, he allegedly had no access to his personal property (including pens or pencils) and officials refused his requests for informal complaint forms. On April 17, 2014, from 6:00 a.m. until 10:30 p.m., Ball was away from the prison for a court appearance. Officials then transferred Ball to Red Onion State Prison on April 18, 2014, and placed him in a long-term segregation orientation pod, still without access to his property. After his orientation on April 28, Ball received his property, including a pen, but did not obtain an informal complaint form until May 8. That same day, he completed and filed his informal complaint.

Although policy required an informal complaint response within fifteen days, officials did not provide Ball's response until May 29, 2014, six days late. He filed his regular grievance just three days later, on June 1, 2014. Officials rejected this grievance as untimely filed, and this intake decision was upheld on appeal.

It is undisputed that Ball did not file his regular grievance within thirty days after the five-point restraints incident, as required under the VDOC procedure. A reasonable factfinder could determine from the evidence, however, that prison officials prevented Ball from obtaining an informal complaint form and writing implement for three weeks of his four-week grievance period and further interfered with his ability to exhaust by responding late to his informal complaint form. For these reasons, the court finds material facts in dispute as to whether officials' actions or inactions prevented Ball from properly exhausting his administrative

3

remedies. Therefore, the court will deny defendants' motion for summary judgment on that ground. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of November, 2014.

/s/ Glen Conrad
Chief United States District Judge